OPINION OF THE COURT
Edward J. Greenfield, J.
International Terminal Operating Co., Inc. (ITOC) moves pursuant to CPLR 3211 (subd [a], par 7) to dismiss the third-party complaint for failure to state a cause of action.
Plaintiff, an employee of ITOC, commenced this lawsuit to recover for personal injuries allegedly sustained by him while performing stevedoring services aboard the M/V African Weltevreden while the ship was docked at the 60th Street Pier in Brooklyn.
Plaintiff brought suit against the owner of the ship, South. African Marine Corp., Ltd. and Todd Shipyards Corp. which was performing ship repairing operations on the ship. Thereupon, Todd served a third-party summons and complaint on ITOC seeking contribution or partial indemnification under Dole v Dow Chem. Co. (30 NY2d 143), alleging primary, active and affirmative negligence *943 on ITOC’s part. ITOC contends that as an employer who pays workers’ compensation benefits to its injured employee (plaintiff), it has immunity from liability under the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA) (US Code, tit 33, § 901 et seq.) in any action brought by the injured employee including third-party actions seeking indemnity and contribution.
This action, brought in this court under the “saving to suitors clause” of the Judiciary Act of 1789 (US Code, tit 28, § 1333), is governed by the principles of Federal maritime law (Kellogg & Sons v Hicks, 285 US 502).
Subdivision (a) of section 905 of the LHWCA entitled “Exclusiveness of Liability” (formerly § 905) provides: “The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death”.
This section clearly immunizes a compensation-paying employer from third-party claims for contribution (Zapico v Bucyrus-Erie Co., 579 F2d 714; Lopez v Oldendorf, 545 F2d 836, cert den 431 US 938). However, it had been held (prior to 1972) that in a suit for indemnity, unlike contribution, a ship owner could recover against a stevedoring contractor amounts paid by the ship to the stevedore’s employee (Ryan Co. v Pan-Atlantic Corp., 350 US 124) upon the theory that such action was based upon either an express contract to indemnify or an implied contract between the stevedore and the shipowner that the stevedore warranted a workmanlike performance. Such an action was deemed one to recover under a voluntary and self-sufficient contract rather than for damages “ ‘on account of’ ” an employee’s injury or death (Ryan Co. v Pan-Atlantic Corp., supra, at p 130).
In 1972 section 905 of the LHWCA was amended to add subdivision (b) which provides in pertinent part: “In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or *944 anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party *** and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void.”
The intent of the 1972 amendment is to overrule the United States Supreme Court decisions insofar as they made an employer circuitously liable for injuries to an employee by allowing the employee to maintain an action for unseaworthiness against a vessel and allowing the vessel, then, to maintain an action for indemnity against the employer (Cooper Stevedoring Co. v Kopke, Inc., 417 US 106, 113, n 6; Edmonds v Compagnie Generole Transatlantique, 443 US 256, 262).
Subdivision (b) of section 905 expressly cut off the right of a shipowner (vessel) to recover indemnity, under either an express or implied contract, from a compensation-paying employer.
The question thus squarely presented in this case is whether Todd, obviously a nonvessel, is barred by subdivision (b) of section 905 from maintaining this action against the compensation-paying employer.
In Zapico v Bucyrus-Erie Co. (supra), under a similar factual setting, the court held that in the absence of a clear and direct contractual relationship between a stevedore and a nonvessel third party, the third party was not entitled to indemnification.
In Zapico, the third-party manufacturer of a crane was adjudged liable to the employee for the injuries he sustained while performing stevedoring services for his employer onboard ship. At the District Court, the jury determined (pp 716-717) that the manufacturer was 50% negligent in manufacturing a defective crane and that the plaintiff’s employer was 50% negligent in “furnish[ing] an incompetent employee to drive it.”
The manufacturer arguing in support of the right of a nonvessel to claim indemnity from a stevedore theorized that third parties other than shipowners should be viewed as third-party beneficiaries of the implied warranty of workmanlike service running between a stevedore and *945 shipowner. In the alternative, the manufacturer argued that it should be entitled to indemnification on the basis of “quasi-contract”. The stevedore employer argued that it was immune from indemnification under the provisions of subdivision (b) of section 905 of the LHWCA.
The Court of Appeals for the Second Circuit, in reversing the District Court’s decision in favor of the manufacturer, stated that the contractual relationship between the stevedore and the vessel could not form the basis of a claim for indemnity under the implied warranty of workmanlike performance arising out of such relationship. The court further found that the nonvessel third party was not within the “ ‘zone of responsibility’ ” contemplated by the contracting parties and thus could not benefit from any obligations which arose from the warranties between them. (Zapico v Bucyrus-Erie Co., 579 F2d 714, 722, supra; see, also, Davis v Kurz & Co., 483 F2d 184.)
Furthermore, it should be noted that subdivision (b) of section 933 of the LHWCA (US Code, tit 33, § 933, subd [b]) operates as an assignment to the compensation-paying stevedore employer of the longshoreman’s rights against a third party unless the longshoreman sues within six months. Under subdivision (c) of section 933, where the stevedore employer sues the third party as statutory assignee “it may retain from any recovery an amount equal in general to the expenses of the suit, the costs of medical services and supplies it provided the employee, all compensation benefits paid, the present value of benefits to be paid, plus one-fifth of whatever might remain” (Edmonds v Compagnie Generale Transatlantique, 443 US 256, 270).
In Edmonds, the court reversed a Fourth Circuit ruling (577 F2d 1153) which had held that the 1972 amendments to the LHWCA altered the traditional admiralty rule by making the shipowner liable only for that share of the total damages equivalent to the ratio of the shipowner’s fault to the total fault.
Under a Dole-Dow proportionate fault system urged by defendant and third-party plaintiff, Todd, the longshoreman would get little, if any, of such a recovery obtained *946 by his employer which was diminished by the comparative fault of his employer. Since there is a corresponding judicially created lien in the employer’s favor where the longshoreman himself sues (Matter of The ETNA, 138 F2d 37) the longshoreman would fare no better in those circumstances.
While comparative negligence has evolved in this State to cure the inequities inherent in our former practice, there is no indication “that Congress intended to place the burden of the inequity on the longshoreman whom the Act seeks to protect.” (Edmonds v Compagnie Generate Transatlantique, supra, at p 270.)
Accordingly, the motion to dismiss the third-party complaint is granted.